IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-36-D

| | | |
|---|---|---|
| PHYLLIS A. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JANET NAPOLITANO, Secretary, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 6, 2011, the court heard oral argument concerning defendants' motion to dismiss [D.E. 12] plaintiff's amended complaint. As stated in open court and incorporated herein by reference, the court grants the motion to dismiss and enters this order to summarize its conclusions.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by

reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

In count one, plaintiff fails to make plausible allegations of adverse employment action. See, e.g., James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 376–78 (4th Cir. 2004); Von-Gunten v. Maryland, 243 F.3d 858, 867–68 (4th Cir. 2001), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006); Boone v. Goldin, 178 F.3d 253, 255–57 (4th Cir. 1999); Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382–83 (8th Cir. 1994). In count two, plaintiff fails to make plausible allegations of an Equal Pay Act violation. See, e.g., Brinkley v. Harbour Recreation Club, 180 F.3d 598, 613 (4th Cir. 1999), abrogated on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 343–45 (4th Cir. 1994); Houck v. Va. Polytechnic Inst. & State Univ., 10 F.3d 204, 206–07 (4th Cir. 1993).

Count three fails because plaintiff may not state a claim for relief against her federal supervisor under Bivens,[1] Title VII, or 42 U.S.C. § 1981. See, e.g., Brown v. GSA, 425 U.S. 820, 835 (1976); Middlebrooks v. Leavitt, 525 F.3d 341, 349 (4th Cir. 2008); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998). Finally, the court lacks jurisdiction over plaintiff's racially hostile work environment claim in count four because plaintiff failed to include this claim in her EEOC charge. See, e.g., Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300–01 (4th Cir. 2009). Alternatively, count four fails to state a racially hostile work environment claim. See, e.g., Pueschel v. Peters, 577 F.3d 558, 564 (4th Cir. 2009).

In sum, the court GRANTS defendants' motion to dismiss [D.E. 12].

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

SO ORDERED. This 6 day of January 2011.

JAMES C. DEVER III
United States District Judge

3